IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

SUSAN PULASKI *et al.*,                          *

     Plaintiffs,                          *

     v.                                          *

                                         Civil Action No. 8:24-3053-AAQ

SEVEN SONS TRUCK & TRAILER
REPAIR LLC *et al.*,                             *

     Defendants.                          *

                             ******

## MEMORANDUM OPINION AND ORDER

     This is a case concerning a tragic, fatal traffic accident.   Plaintiffs allege that Defendant

Mitchell Cunningham, an employee of Defendant Seven Sons Truck & Trailer Repair, LLC, was

driving a truck that struck and killed the decedent David Michael Pulaski.   Pending before the

Court is Defendants' Motion to Vacate the Orders of Default against them.   ECF No. 15.   The

Motion to Vacate has been fully briefed, ECF Nos. 21, 24, 25, and no hearing is necessary.   For

the reasons discussed below, Defendants' Motion shall be GRANTED.

## BACKGROUND

     According to Plaintiff's Complaint, on April 17, 2024, Defendant Mitchell Cunningham,

while driving a vehicle belonging to Defendant Seven Sons Truck & Trailer Repair, LLC (Seven

Sons), struck and killed decedent David Michael Pulaski.   ECF No. 1, at 2, 5.   Plaintiff Susan

Pulaski, individually and as personal representative of the estate of David Michael Pulaski, and

Plaintiff Philip Pulaski filed suit against Defendants Cunningham and Seven Sons on October 21,

2024.   ECF No. 1.   The Court issued a summons to Defendants on October 22, 2024, ECF No. 3, and Plaintiffs properly served Defendant Cunningham on November 7, 2024, ECF No. 7, and Defendant Seven Sons on November 18, 2024, ECF No. 8.   Defendants' counsel notes that Defendants promptly provided counsel with Plaintiffs' Complaint and Summons.   ECF No. 24, at 6.

Defendant Cunningham's answer to Plaintiffs' Complaint was due on November 29, 2024, ECF No. 7, and Defendant Seven Sons' answer was due on December 9, 2024, ECF No. 8. However, both Defendants failed to make an appearance or answer the Complaint.   Defendants' counsel alleges that Defendants' failure to respond to Plaintiffs' Complaint was due to a clerical error caused by counsel's new case management software.   ECF No. 15, at 3.   Subsequently, Plaintiffs moved for a Clerk's Entry of Default against Defendant Cunningham on December 2, 2024, ECF No. 9, and for the same against Defendant Seven Sons on December 10, 2024, ECF No. 12.   The Clerk filed an Entry of Default against Defendant Cunningham on December 3, 2024, ECF No. 10, and against Defendant Seven Sons on December 12, 2024, ECF No. 13.   The Court informed both Defendants that they had thirty days from the entry of default to file a motion to vacate the Orders of Default.   ECF Nos. 11, 14.

Defendants filed their Motion to Vacate the Orders of Default (Motion to Vacate) currently before the Court on December 27, 2024.   ECF No. 15.   Though Defendants also moved for leave to file an answer, they filed their Answer contemporaneously with their Motion to Vacate without waiting for the Court to grant them leave.   ECF No. 16.   Plaintiffs filed a Response in Opposition to Defendants' Motion to Vacate on January 9, 2025, ECF No. 21, to which Defendants filed a Reply on January 15, 2025, ECF No. 24, and a Supplemental Reply on January 17, 2025.   ECF No. 25.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause[.]"   When considering a motion to vacate an entry of default, a district court should consider the factors outlined by the Fourth Circuit in *Payne ex rel. Estate of Calzada v. Brake*: "[W]hether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."   439 F.3d 198, 204-205 (4th Cir.2006).   The Fourth Circuit has also held that a defendant's motion to vacate an entry of default pursuant to Rule 55(c) "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'"   *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc*., 616 F.3d 413, 421 (4th Cir. 2010) (citation omitted) (quoting *Lolatchy v. Arthur Murray, Inc*., 816 F.2d 951, 954 (4th Cir.1987)).   Such a practice also upholds the Fourth Circuit's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."   *Id.* at 417.

**DISCUSSION**

**I.    Meritorious Defense**

"The burden for proffering a meritorious defense is not onerous; '[a]ll that is necessary . . . is to allege sufficient facts that, if true, would constitute a defense.'"   *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013) (alteration in original) (quoting *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir.2010)).   However, a meritorious defense "must be more than a conclusory statement of fact."   *Commodity Futures Trading Comm'n v. Jali*, No. PJM-20-CV-2492, 2024 WL 249159, at

*3 (D. Md. Jan. 23, 2024) (citing *Kihn v. Vavala*, No. 18-cv-02619-PX, 2019 WL 2492350, at *2 (D. Md. June 14, 2019)).

While the defenses provided in Defendants' Answer amount to mere conclusory statements of fact—for instance, "Plaintiffs' claims are barred by contributory negligence," ECF No. 16, at 14—Defendants provide sufficient factual support for their asserted defenses in their Reply and Supplemental Reply to Plaintiffs' Opposition.   ECF No. 24, at 4; ECF No. 25, at 1-2.   Though Defendants' Answer lists several defenses, ECF No. 16, at 13-14, Defendants focus on the defenses of contributory negligence and assumption of risk in their briefing.   ECF No. 24, at 4; ECF No. 25, at 2.   Specifically, Defendants state that a police investigation showed that Mr. Pulaski entered the crosswalk on a Do-Not-Enter signal, ECF No. 24, at 4, and that the police department crash investigation report determined the "primary cause" of the collision to be "pedestrian error," ECF No. 25, at 1-2.   The question of whether Defendants' factual allegations are true "is not to be determined by the court when it decides the motion to set aside the default." *Russell*, 2013 WL 66620, at *2 (quoting *Mesle*, 615 F.3d at 1094)).   Instead, the Court is only tasked with assessing whether the Defendants have alleged sufficient facts to constitute a defense if true.   Defendants have done so; thus, this factor weighs in favor of vacating the entry of default.

## II.    Reasonable Promptness

"[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default[.]"   *Nivens v. Tehum Care Services, Inc*., No. CV ELH-23-2298, 2024 WL 4544557, at *15 (D. Md. Oct. 21, 2024) (quoting *Wainwright's Vacations, LLC v. Pan American Airways Corp*., 130 F. Supp. 2d 712, 718 (D. Md. 2001)).

Defendants acted with reasonable promptness, filing their Motion to Vacate within the thirty-day timeframe the Court provided.   ECF No. 15, at 2.   Defendant Cunningham's motion

to vacate the entry of default against him was due on January 2, 2025, ECF No. 11, and Defendant Seven Son's motion was due on January 11, 2025, ECF No. 14.   Defendants timely filed their Motion to Vacate both entries of default on December 27, 2024.   ECF No. 15.   Additionally, there is no evidence that Defendants have otherwise delayed the proceedings.   *C.f. Timilon Corp. v. Empowerment J. Ctr. Corp.*, 738 F. Supp. 3d 669, 681 (D. Md. 2024) (finding that the reasonable promptness factor leaned only slightly in favor of vacating an entry of default when defendants timely filed their motion to vacate but had otherwise delayed the proceeding by evading service).

Plaintiffs argue that Defendants' timely filing of their Motion is insufficient to show that they acted with reasonable promptness, stating that such a finding would "impl[y] that a Court should set aside a litigant's default as a matter of course, so long as he moves to vacate it within 30 days of entry."   ECF No. 21, at 6.   This argument is unpersuasive, as reasonable promptness is only one of several factors that courts analyze when considering whether to set aside an entry of default.   *See Payne*, 439 F.3d at 204-205.   Defendants filed their Motion to Vacate before it was due, thereby acting with reasonable promptness in responding to the entries of default against them.   Accordingly, this factor weighs in favor of vacating the entry of default.

### III.     Personal Responsibility of the Defaulting Party and History Dilatory Action

"The third and fifth *Payne* factors can be addressed together."   *Timilon Corp.*, 738 F. Supp. 3d at 682.   "The third factor pertains to whether the defaulting party was personally responsible for the default and the fifth factor considers whether there is a 'history of dilatory action.'"   *Nat'l Liab. & Fire Ins. Co. v. Rooding*, No. 15-cv-2572-ELH, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016) (quoting *Colleton.*, 616 F.3d at 417).

Defendants' counsel has given a reason for the delay and taken full responsibility for the default.   Defendants allege that their delay in responding to Plaintiffs' Complaint was due to a

clerical error caused by Defendants' counsel's new case management software.  ECF No. 15, at 3.  Additionally, other than Defendants' late response to Plaintiffs' Complaint, they have displayed no other dilatory action.

Plaintiffs argue that Defendants have not sufficiently alleged that they "are blameless" for failing to answer the Complaint in a timely manner.  ECF No. 21, at 6.  Specifically, Plaintiffs take issue with Defendants' failure to indicate whether Defendants promptly forwarded the Complaint to their counsel upon being served.  *Id*.  Plaintiffs also note that while there is no other history of dilatory action, this is only because Defendants' only action in this case has been the untimely filing of their Answer.  *Id.* at 7.  Defendants' counsel addressed Plaintiffs' arguments in Defendants' Reply, averring that Defendants promptly forwarded the Complaint and Summons to counsel and that "counsel was solely responsible for the fact that Defendants' Answer was not timely filed."  ECF No. 24, at 6.  Further, Defendants note that they have timely filed their Motion to Vacate, their 103.3 disclosures, and their magistrate consent forms and are "taking necessary steps to ensure there is no other dilatory action moving forward."  *Id.* at 9.  Accordingly, the third and fifth factors weigh in favor of vacating the entry of default.

## IV.    Prejudice

In assessing the fourth *Payne* factor, the Court must "consider if the delay of proceedings caused any prejudice to the non-moving party[.]"  *Kihn*, 2019 WL 2492350, at *2.  However, "[i]n the context of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party."  *Colleton*, 616 F.3d at 418.  Defendants argue that there has been no prejudice to Plaintiffs because of the delay.  ECF No. 15, at 2.  Plaintiffs counter that they experienced prejudice in the form of (1) incurring expenses in seeking the entries

of default against Defendants, and (2) delaying their prosecution of this case by over a month. ECF No. 21, at 7.

Given the Fourth Circuit's strong preference for litigation of cases on the merits, the delays and expenses in this case are not sufficient to deny a motion to vacate an entry of default. The delays in this case have been modest, with Defendants filing their Answer less than one month after it was due. *See* ECF Nos. 7, 8, 16. Further, Plaintiffs' resulting expenses have been only those related to the filing of two, one-page Motions for Entry of Default—each accompanied by a five-sentence affidavit, ECF Nos. 9, 12—and their eight-page Opposition to Defendants' Motion to Vacate, ECF No. 21. This Court has found no serious prejudice even where plaintiffs experienced considerably longer delays and expended significantly more resources on litigation than the Plaintiffs have here. *See*, *e.g.*, *Natl. Liab. & Fire Ins. Co.*, 2016 WL 5144493, at *8. Accordingly, this factor also weighs in favor of granting Defendants' Motion.

## V.    Availability of Sanctions Less Drastic

Finally, the Court must consider whether less drastic sanctions are available to combat any prejudice. *Nivens*, 2024 WL 4544557, at *16 (citing *Colleton*, 616 F.3d at 417). Plaintiffs argue that if the Court vacates the entries of default against Defendants, then it should impose sanctions upon Defendants or their counsel. ECF No. 21, at 8. Specifically, Plaintiffs suggest ordering payment of Plaintiffs' reasonable attorneys' fees in securing Defendants' defaults and drafting their Opposition. *Id.* Defendants argue that the facts and circumstances of this case do not require any sanction against Defendants. ECF No. 24, at 9.

Because lesser sanctions are available, this factor weighs in favor of Defendants. *See Makowske v. Lincoln Life Assurance Co. of Boston,* No. CV 21-01439-SAG, 2021 WL 3288365, at *3 (D. Md. Aug. 2, 2021) ("The availability of lesser sanctions indicates that this factor weighs

in favor of setting aside the default . . .").    However, such sanctions are not appropriate here given the lack of prejudice to Plaintiffs from the very modest delay.  *See*, *e.g.*, *Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. CV EA-23-1157, 2024 WL 2212910, at *4 (D. Md. May 15, 2024); *Makowske*, 2021 WL 3288365, at *3; *Nivens*, 2024 WL 4544557, at *16.

All six *Payne* factors weigh in favor of granting Defendants' Motion to Vacate the entries of default against them.    Given the facts and circumstances of the case, as well as the Fourth Circuit's "strong policy" in favor of deciding cases on the merits and "long-held view" that a motion to set aside an entry of default must be liberally construed, *Colleton*, 616 F.3d at 418, 421, the Court will grant Defendants' Motion to Vacate.

## CONCLUSION

For the reasons outlined above, Defendants' Motion to Vacate the Orders of Default, ECF No. 15, is GRANTED.    The Court will set aside the entries of default, ECF Nos. 10, 13, pursuant to Federal Rule of Civil Procedure 55(c).    However, the Court warns Defendants that further delays may result in the imposition of sanctions.    Defendants filed an Answer contemporaneously with their Motion to Vacate, ECF No. 16, which shall serve as their Answer going forward.    The parties shall file a Joint Status Report within fourteen days with a proposed schedule or stating why a proposed schedule is inappropriate at this time.

So ordered.

Date:  January 31, 2025                                         _____/s/_____

                                                                                          Ajmel A. Quereshi
                                                                                          United States Magistrate Judge